UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

JEFFREY ROBERTS,

    Plaintiff,

v.

OFFICE DEPOT, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY ROBERTS ("Mr. Roberts" or "Plaintiff") files this Complaint against Defendant, OFFICE DEPOT, LLC ("OD" or "Defendant"), and states as follows:

### INTRODUCTION

1.  Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION, VENUE AND FMLA COVERAGE

2.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Broward County, Florida, and this venue is therefore proper.

7. Defendant is a foreign limited liability company that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

      b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11.      Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12.      On or around January 13, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13.      More than 180 days have passed since the filing of the Charge of Discrimination.

14.      On September 30, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15.      Plaintiff timely files this action within the applicable period of limitations against Defendant.

16.      All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17.      Mr. Roberts worked for OD in its Boca Raton, Florida, headquarters from April 19, 2010, until his termination on October 16, 2019.

18.      During his time with OD, Mr. Roberts worked his way up from a Tech Support position to a Product Owner position in the Business Solutions Division.

19. Mr. Roberts, beginning in 2018, suffered from impacted gallstones and pancreatitis, which is considered a protected disability under the ADA/FCRA, and a serious health condition under the FMLA.

20. Flare-ups of his disabling serious chronic health condition cause him severe stomach pain.

21. On September 15, 2019, during a flare-up of his disabling serious chronic health condition, Mr. Roberts had to be hospitalized for two (2) nights at Broward General Hospital.

22. Mr. Roberts made sure that his manager, Holly Eriksson, was notified immediately that he would have to miss work on Monday, September 16, 2019, because he had been hospitalized due to a flare-up of his disabling serious chronic health condition.

23. Mr. Roberts' notification to OD via Ms. Eriksson of the flare-up of his disabling serious chronic health condition should have prompted OD to inform Mr. Roberts of his rights and obligations under the FMLA.

24. OD's failure to do so was itself a violation of the FMLA.

25. Instead of complying with the FMLA, OD interfered with Mr. Roberts' FMLA rights by way of Ms. Eriksson asking him "is there an end in sight for your health issues" mere days later, on September 19, 2019.

26. Ms. Eriksson went on to state that Mr. Roberts' disabling serious chronic health condition was "not fair to the rest of the team."

27. Mr. Roberts attempted to engage in an interactive process with OD in order to discuss his disabilities and reasonable accommodation to address and treat same, but OD declined to engage with him regarding this matter.

28.     Mr. Roberts objected to Ms. Eriksson in response to the foregoing discriminatory comments.

29.     On October 10, 2019, Mr. Roberts had to return to the doctor due to another flare-up of his disabling serious chronic health condition.

30.     Mr. Roberts immediately notified Ms. Eriksson that same day that he would have to miss some days from work to address his disabling serious chronic health condition.

31.     Mr. Roberts took it upon himself to reach out to OD's third-party FMLA administrator the next day, October 11, 2019, and requested FMLA paperwork so that he could have a colonoscopy procedure done in order to address his disabling serious chronic health condition.

32.     This was protected activity under the FMLA.

33.     On October 14, 2019, Mr. Roberts informed Ms. Eriksson that he had requested the FMLA paperwork and would visit his treating physician on October 18, 2019, the earliest appointment the physician had available, in order to obtain proper FMLA medical certification.

34.     This, too, was protected activity under the FMLA.

35.     Two days later, on October 16, 2019, before Mr. Roberts could even obtain the requisite FMLA medical certification to address his disabling serious chronic health condition, OD's Randy Crain called Mr. Roberts into a meeting, with Ms. Eriksson in attendance telephonically, and informed him that OD had terminated his employment, effective immediately.

36.     Neither Ms. Eriksson nor Mr. Crain nor anybody else with OD ever presented Mr. Roberts with a final write-up, per OD policy, or put him in any sort of Performance Improvement Plan, per OD policy.

37. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

38. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

39. OD was fully aware of Mr. Roberts' disability, yet failed to provide Mr. Roberts with any reasonable accommodation that would allow him to perform the essential functions of his job, despite requests for same.

40. Mr. Roberts is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Product Owner.

41. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

42. Allowing Mr. Roberts to utilize a brief period of unpaid leave to undergo his procedures and begin his recuperation from same without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

43. This accommodation would have imposed no undue hardship on Defendant.

44. In reality, Defendant's termination of Mr. Roberts stemmed from its discriminatory animus toward his very recent use of leave, and his need for accommodation under the ADA/FCRA.

45. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

46. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

47. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

48. Defendant, however, being well aware of Plaintiff's disability, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

49. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Roberts based solely upon his disability.

50. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

51. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

52. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

53. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

54. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

55. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

56. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

57. The timing of Plaintiff's termination makes the causal connection between his use and attempted use of FMLA leave, his request for reasonable accommodation and objections to discrimination under the ADA/FCRA, and his termination sufficiently clear.

58. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Roberts notifying OD of his serious health condition, and in retaliation for Mr. Roberts using and attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

59. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and attempted utilization of protected FMLA leave.

60. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

61. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

62. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

63. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

64. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

65. Defendant did not have a good faith basis for its actions.

66. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

67. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 9, 17 through 26, 29 through 37, 57 through 67 above.

69. At all times relevant hereto, Plaintiff was protected by the FMLA.

70. At all times relevant hereto, Defendant interfered with Plaintiff by harassing and targeting him after he disclosed his serious health condition, and by failing to provide him FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his disclosure of his serious health condition.

71. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

72. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

74. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 9, 17 through 26, 29 through 37, 57 through 67 above.

75. At all times relevant hereto, Plaintiff was protected by the FMLA.

76. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

77. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

78. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

79. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

80. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

81. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 3, 5 through 7, 10 through 23, 25 through 27, 29, 30, 33, 35 through 57, 63 through 67, above.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

83. The discrimination to which Plaintiff was subjected was based on his disabilities and/or "perceived disabilities."

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

86. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

88. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 4 through 7, 10 through 23, 25 through 27, 29, 30, 33, 35 through 57, 63 through 67, above.

89. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

90. The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

91. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

94. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

95. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 3, 5 through 7, 10 through 23, 25 through 30, 32, 34 through 57, 63 through 67, above.

96. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

97. Plaintiff's objections constituted protected activity under the ADA.

98. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

99. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

100. Defendant's stated reasons for Plaintiff's termination are a pretext.

101. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

102. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

103. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

104. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his

actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

105. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 4 through 7, 10 through 23, 25 through 30, 32, 34 through 57, 63 through 67, above.

106. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

107. Plaintiff's objections constituted protected activity under the FCRA.

108. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

109. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

110. Defendant's stated reasons for Plaintiff's termination are a pretext.

111. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

112. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

113. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

114. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 11th day of December, 2020.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com